# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| JOSHUA HADNOT, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-CV-248-DCLC-HBG |
| ERIC FARROW, et al., | ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION**

On July 18, 2019, the Court screened Plaintiff's pro se prisoner complaint for violation of 42 U.S.C. § 1983 and provided Plaintiff with 30 days from date of entry of the order to amend his complaint and 20 days to return a service packet for Defendant Farrow [Doc. 8]. The Court also warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id*. at 2]. More than thirty days have passed, and Plaintiff has not complied with the order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault, as it appears that Plaintiff received the Court's order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* [Doc. 6] in this matter, and he has not pursued this case since filing an unsuccessful motion to appoint counsel [Doc. 5] over a year ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court will **CERTIFY** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
CLIFTON L. CORKER
UNITED STATES DISTRICT JUDGE